UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ROISBEL ECHEVARRIA GALVEZ, A-220-849-277,

Petitioner,

v.

DIRECTOR OF THE CENTRAL VALLEY ANNEX CENTER,

Respondent.

No. 1:26-cv-06674 TLN AC

FINDINGS & RECOMMENDATIONS

Petitioner, a self-represented immigration detainee, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 challenging his detention by the Department of Homeland Security ("DHS") and U.S. Immigration and Customs Enforcement ("ICE"). ECF No. 1. This matter was referred to the undersigned pursuant to Local Rule 302 and 28 U.S.C. § 636(b)(1)(B). ECF No. 3. The petition, liberally construed, asserts violations of petitioner's due process rights based on his prolonged detention and the revocation of his release. ECF No. 1 at 6-7. Petitioner seeks immediate release or a bond hearing at which respondents must demonstrate clear and convincing evidence that petitioner is a flight risk or danger to the community. Id. at 8. As discussed below, the court recommends that petitioner's request for habeas relief be granted, and that petitioner be immediately released subject to the same conditions in place immediately prior to his detention.

I. Factual Background

Petitioner is a native and citizen of Cuba who entered the United States from Mexico in Calexico, California, on April 11, 2022. ECF No. 6-2 at 2 (Petitioner's I-213); ECF No. 6-1 (Notice to Appear dated April 27, 2022).[1] Petitioner was charged as a removable alien who has not been admitted or paroled and is not in possession of a valid unexpired immigrant visa, reentry permit, border crossing card, or other valid entry document pursuant to sections 212(a)(6)(A)(i) and 212(a)(7)(A)(i)(I) of the Immigration and Nationality Act ("INA"). ECF No. 6-1 at 1-4. Petitioner was paroled into the United States by immigration officials. ECF No. 6-2 at 2.

On February 26, 2026, petitioner was arrested by local law enforcement officers for the misdemeanor offenses of public intoxication and false report. ECF No. 6-4 at 5-6 (RAP sheet). Upon his release from Williamson County Jail on February 28, 2026, petitioner was transferred to ICE custody. ECF No. 6-2 at 2; ECF No. 6-3 (Form I-200 Warrant for Arrest of Alien dated February 26, 2026, served on petitioner on February 28, 2026). Petitioner does not have any other criminal history apart from the February 2026 misdemeanor arrests. ECF No. 6-4.

Based on the record before the court, petitioner has remained in immigration detention without an individualized bond hearing since February 28, 2026. Petitioner is presently detained at the Central Valley Annex in McFarland, California. ECF No. 1.

II. Procedural History

On August 21, 2026, the court received petitioner's pro se petition for writ of habeas corpus challenging his detention under 28 U.S.C. § 2241. ECF No. 1. Liberally construed, the petition asserts that petitioner's prolonged detention and revocation of his release on parole violates due process. Id. at 7. He asserts that he was paroled into the United States by immigration officials in 2022, who "grant[ed] him an I-94 and then trad[ed] it for an I-221A. I have an asylum appeal pending on 05-14-2026" as well as "no criminal record" and "good moral

[1] Petitioner's I-213 also states that ICE released petitioner on his own recognizance on February 4, 2022. ECF No. 6-2 at 3. There are no corresponding immigration documents in the record pertaining to February 2022, and therefore the undersigned relies upon the documentation provided by respondents from April 2022. Respondents have asked to "submit on this pleading alone without additional documentation or briefing" and that the court "rule on the petition in its entirety." ECF No. 6 at 2.

character." Id. The Honorable Chief Judge Nunley referred this matter to the undersigned for further proceedings, and ordered respondents not to transfer petitioner out of this district. ECF No. 3.

On August 26, 2026, the undersigned directed respondents to respond to the petition and "substantively address whether there are any factual or legal issues that materially distinguish this case from the court's prior orders in Lida G.B. v. Albarran, No. 1:25-cv-2061 TLN CKD, 2026 WL 19104 (E.D. Cal. Jan. 3. 2026), Wistong F. v. Immigration and Customs Enforcement, No. 1:26-cv-3399 TLN DMC, 2026 WL 1361794 (E.D. Cal. May 15, 2026), Charan S. v. Warden of California City Det. Facility, No. 1:26-cv-3017 TLN JDP, 2026 WL 1144158 (E.D. Cal. 2026), and other similar cases previously decided by this court[.]" ECF No. 5. The court advised respondents that "[t]he court will construe failure to distinguish the above cited cases as a concession that the cases are not substantively distinguishable." Id. Petitioner's reply, if any, was due within seven days of being served with respondents' response. Id.

The response does not present any facts which distinguish this case from the court's prior orders in Lida G.B., Wistong F., or Charan. ECF No. 6. Although respondents maintain that petitioner should be considered an "arriving alien" and "applicant for admission" subject to mandatory detention pursuant to 8 U.S.C. § 1225(b), they also "acknowledge that the cases referenced in the Court's order are not substantially distinguishable." Id. at 2. Respondents further acknowledge that "this case is in the category of immigration habeas cases for which the Court has typically ordered immediate release on due process grounds." Id. Petitioner did not file a reply to the respondents' response.

III. Legal Standard

A writ of habeas corpus may be granted to anyone who is held in custody in violation of the Constitution or laws or treaties of the United States. 28 U.S.C. § 2241(c)(3); Magana-Pizano v. I.N.S., 200 F.3d 603, 609 (9th Cir. 1999) ("28 U.S.C. § 2241 expressly permits the federal courts to grant writs of habeas corpus to aliens when those aliens are 'in custody in violation of the Constitution or laws or treaties of the United States.'" (citations omitted)). In federal habeas proceedings, the petitioner is required to prove their case by a preponderance of the evidence.

Davis v. Woodford, 384 F.3d 628, 638 (9th Cir. 2004).

IV. Discussion

Respondents present no factual or legal issues that materially distinguish this case from the court's prior orders in Lida G.B. v. Albarran, No. 1:25-cv-2061 TLN CKD, 2026 WL 19104 (E.D. Cal. Jan. 3. 2026), Wistong F. v. Immigration and Customs Enforcement, No. 1:26-cv-3399 TLN DMC, 2026 WL 1361794 (E.D. Cal. May 15, 2026), Charan S. v. Warden of California City Det. Facility, No. 1:26-cv-3017 TLN JDP, 2026 WL 1144158 (E.D. Cal. 2026), or any other cases previously decided by this court. ECF No. 6. Considering the facts of this case and respondents' concession that it is not materially distinguishable, the undersigned adopts and incorporates by reference the reasoning in Lida G.B., Wistong F., and Charan S., and finds that petitioner's re-detention without a hearing before a neutral adjudicator where the government would be required to justify his re-detention by clear and convincing evidence violates due process. Because the court finds relief appropriate on the merit of petitioner's due process claim in the habeas petition, the court declines to address petitioner's other arguments seeking the same or similar relief (*i.e.*, petitioner's immediate release from detention).

CONCLUSION

Accordingly, IT IS HEREBY RECOMMENDED that:

1. Petitioner's petition for writ of habeas corpus (ECF No. 1) be GRANTED, as follows:
    a. Respondents shall IMMEDIATELY RELEASE petitioner ROISBEL ECHEVARRIA GALVEZ, A-220-849-277, from custody, with the same conditions he was subject to immediately prior to his detention on February 28, 2026. At the time of release, respondents must return all of petitioner's documents and possessions.
    b. Respondents shall not impose any additional restriction on petitioner unless it is determined to be necessary at a future pre-deprivation/custody hearing.
    c. Respondents are ENJOINED AND RESTRAINED from re-detaining petitioner unless they provide at least 7 days' written notice to petitioner and hold a pre-deprivation bond hearing before a neutral decision maker, at which hearing

respondents will bear the burden of demonstrating that petitioner is a flight risk or danger to the community and petitioner's eligibility for bond must be considered.

d. The order does not address the circumstances in which respondents may detain petitioner in the event petitioner becomes subject to an executable final order of removal and petitioner receives notice of that final order of removal.

2. Within three days of an order adopting these findings and recommendations, respondents be required to file a notice of compliance confirming petitioner's release and that the conditions of his supervision are the same as those to which he was subject prior to his February 28, 2026 detention.

3. The Clerk of the Court is directed to enter judgment for petitioner and close this case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). The undersigned finds that a shortened objection period is warranted in this case given the nature of the relief at issue as well as the fact that the parties have had sufficient time to submit all of their arguments in written briefs. See United States v. Barney, 568 F.2d 134, 136 (9th Cir. 1978) (per curiam) (stating that 28 U.S.C. § 636(b)(1) sets the maximum objection period and not the minimum); see also Local Rule 304(b). Within **three days** after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: October 29, 2026

ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE